**Ruby L. JAMES, Plaintiff,**

v.

**Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.**

**No. CIV.A. 02–0500–CBS.**

United States District Court,
S.D. Alabama.
Southern Division.

March 10, 2003.

Gilbert B. Laden, Mobile, AL, for Plaintiff.

Patricia Nicole Beyer, U.S. Attorney's Office, Mobile, AL, for Defendant.

## ORDER

BUTLER, District Judge.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated February 20, 2003 is **ADOPTED** as the opinion of this Court.

## REPORT AND RECOMMENDATION

STEELE, United States Magistrate Judge.

The plaintiff in this action seeks judicial review of an adverse ruling denying her claim for disability insurance benefits and supplemental security income. The administrative hearing was conducted on October 13, 1999, and the ALJ's decision was handed down on December 10, 1999. The Appeals Council denied review on May 16, 2002, and this action followed.

The action has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned has concluded that oral argument is unnecessary to resolve this matter. *See* Local Rule 7.3. Upon careful consideration of the administrative record and the parties' arguments as raised in their memoranda, the undersigned respectfully recommends that this action be remanded to the Commissioner for further proceedings.

### I. Issues on Appeal.

The plaintiff presents the following issues on appeal:

(1) whether the ALJ improperly failed to consider the opinions of a treating physician;

(2) whether the ALJ improperly evaluated the plaintiff's credibility;

(3) whether the ALJ improperly relied on the Grids.

### II. Background Facts.

The plaintiff was 43 years old at the time of the ALJ's decision. She has twelve years of formal education and past relevant work experience as a sundry operator. (Tr. 32–34, 125). Her administrative filings allege a disability onset date of March 29, 1995 and an impairment of "feet problem." (Tr. 90).

In a brief decision issued promptly after a brief hearing, the ALJ found the plaintiff has a severe impairment of pes planus but further found, pursuant to the Grids, that she remains capable of performing sedentary work existing in significant numbers in the national economy. (Tr. 27–28).

### III. Discussion.

The Commissioner's findings of fact must be affirmed if based upon substantial evidence. *E.g., Brown v. Sullivan,* 921 F.2d 1233, 1235 (11th Cir.1991). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen,* 792 F.2d 129, 131 (11th Cir.1986). Review of the Commissioner's application of legal principles is plenary. *E.g., Walker v. Bowen,* 826 F.2d 996, 999 (11th Cir.1987).

### A. Treating Physician.

Dr. Braun, a podiatrist, has treated the plaintiff since August 1987. (Tr. 141). In October 1997, Dr. Braun completed a form indicating, inter alia, that the plaintiff can "never" stoop, kneel, crouch, crawl, work in high, exposed places or use both feet for

repetitive action. (Tr. 142).[1] On the same date, Dr. Braun completed a Clinical Assessment of Pain ("CAP") indicating that the plaintiff experiences pain to such an extent as to be distracting to adequate performance of daily activities or work, that physical activity greatly increases pain causing distraction or abandonment of tasks related to daily activities, and that pain and/or medication severely limits her effectiveness in the work place due to distraction, inattention, drowsiness, etc. (Tr. 143). The plaintiff argues that the ALJ improperly failed to consider these opinions.

█ The findings and opinions of a treating physician ordinarily are entitled to substantial weight, unless good cause exists to discount them. *E.g., Hillsman v. Bowen,* 804 F.2d 1179, 1181 (11th Cir. 1986). To discount the opinions of a treating physician, the ALJ must set forth on the record explicit, adequate reasons for doing so, and his failure to do so when required results in the opinion of the treating physician being deemed accepted as true as a matter of law. *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986). The ALJ's reasons must not only be legally adequate but must be factually supported by substantial evidence. *Hale v. Bowen,* 831 F.2d 1007, 1012 (11th Cir.1987)("Implicit in this rule [requiring the ALJ to articulate express, adequate reasons for discrediting a plaintiff's subjective complaints] is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.").

Although this principle is often called the "treating physician" rule and is usually invoked with respect to medical doctors, it is more properly termed the "treating source" rule: "Generally, we give more weight to opinions from your treating sources .... We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." 20 C.F.R. § 404.1527(d)(2).

" 'Treating source' means your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you." 20 C.F.R. § 404.1502. An "acceptable medical source" includes "[l]icensed podiatrists, for purposes of establishing impairments of the foot [and ankle, depending on state law]." *Id.* § 404.1513(a)(4). Thus, Dr. Braun may be a treating source whose opinions are subject to the treating source/physician rule. *See, e.g., Jones v. Department of Health and Human Services,* 941 F.2d 1529, 1531, 1532–33 ("[W]e acknowledge [a podiatrist's] relationship to appellant as his treating physician ....").

█ "Where the [Commissioner] has ignored or failed properly to refute a treating physician's testimony, we hold as a matter of law that he has accepted it as true." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir.1986). The ALJ ignored Dr. Braun's opinions as set forth above and consequently also failed properly to refute them. The plaintiff assumes this is the end of the matter, but it is not. A podiatrist's opinions can be those of a treating source only to the extent they address impairments of the foot (and, state law permitting, of the ankle). Dr. Braun's treatment extended to sprained ankles, (Tr. 145), and Alabama law appears to limit the practice of podiatry to the foot, exclusive of the ankle. *See* Ala.Code § 34–24–230(1)(defining the "practice of podiatry" as extending to "any ailment of the human foot"); *id.* § 34–24–230(9)(de-

---

**1.** The other functional limitations identified by Dr. Braun are clearly consistent with a full range of sedentary work and so are not relevant to this appeal.

fining "human foot" as "including all 26 complete boney structures below the ankle joint"). In addition, the plaintiff attributes much of the pain she experiences to her ankles, legs and hips. (Tr. 35, 38, 41, 118, 120, 139–40, 146, 206). To the extent Dr. Braun's opinions are based on issues in these areas, his opinions are not those of a treating source.[2]

Because it is not clear on this record whether and to what extent Dr. Braun's opinions are those of a treating source, the case must be remanded for further consideration. On remand, the ALJ will be required to determine the extent to which Dr. Braun's opinions are those of a treating source and, to that extent, to evaluate them expressly and adequately as required by controlling law. Acceptance of Dr. Braun's opinions concerning stooping or pain would preclude exclusive reliance on the Grids,[3] while acceptance of his other opinions might or might not warrant vocational testimony.[4]

On remand, the parties may submit supplemental evidentiary materials as they deem appropriate, including without limitation the materials submitted to the Appeals Council, (Tr. 329–43), as well as additional testimony. Depending on the facts properly found by the ALJ, vocational testimony may be required.

### B. Pain.

■ Before subjective complaints such as pain can be considered, the plaintiff must: (1) produce evidence of the existence of an underlying medical condition; *and* (2)(a) produce objective medical evidence that confirms the severity of the alleged symptom arising from that condition; *or* (2)(b) show that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged symptom. *Edwards v. Sullivan,* 937 F.2d 580, 584 (11th Cir.1991). A decision that this "pain standard" is not met must be supported by substantial evidence. *Id.; McSwain v. Bowen,* 814 F.2d 617, 619 (11th Cir.1987).

■■ If the pain standard is satisfied, the ALJ must consider the plaintiff's subjective complaints. *Marbury v. Sullivan,* 957 F.2d 837, 839 (11th Cir.1992). The ALJ may reject the plaintiff's complaints as not creditable, but his or her decision to do so must be supported by substantial evidence. *Id.* In addition, the ALJ must explicitly set forth adequate reasons for rejecting such testimony. *Brown v. Sullivan,* 921 F.2d 1233, 1236 (11th Cir.1991). Failure to do so results in the plaintiff's testimony being accepted as true as a matter of law. *Id.*

The ALJ assumed that the plaintiff's foot condition satisfied the pain standard and proceeded to gauge the credibility of her complaints of disabling pain. The ALJ discounted those complaints for the following reasons: (1) no treating physician has indicated the plaintiff is incapable of working;[5] (2) Dr. Bose, a treating physician,

---

**2.** That Dr. Braun opined the plaintiff can never stoop—an activity requiring only a bending of the spine at the waist, SSR 85–15—suggests that his opinions are corrupted by consideration of matters as to which he is not a treating source. His opinion is also curiously inconsistent with the plaintiff's own insistence that her ability to stoop is unlimited. (Tr. 87–88).

**3.** *See* SSR 96–9p ("An ability to stoop occasionally ... is required in most unskilled sedentary occupations."); *see also infra* Part III.C.

**4.** "Postural limitations or restrictions related to ... kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work." SSR 96–9p.

**5.** Dr. Braun suggested only that the plaintiff quit working on her feet as a sundry worker. (Tr. 144–45).

found the plaintiff without pain following right-foot surgery in May 1999;[6] (3) Dr. Bose discontinued all ambulatory aids except a cam walker;[7] and (4) Dr. Bose did not indicate that similar surgery was required on the left foot.[8] (Tr. 25). As set forth in the accompanying notes, these reasons are supported by substantial evidence on the record as a whole; with one exception, the plaintiff does not argue otherwise.[9]

The plaintiff's primary complaint is not that the ALJ's articulated reasons do not support his decision to discount her subjective complaints but that he did not discuss evidence that she considers supportive of those complaints. (Doc. 14 at 18, 20–21). Because the case must be remanded as discussed in Part III.A, the ALJ will have the opportunity to address more fully the plaintiff's subjective complaints. By way of example only, the ALJ should consider the CAP completed by Dr. Braun. In addition, he should consider and expressly address the plaintiff's assertion that she must keep her feet elevated while sitting. (Tr. 37, 39–41).[10]

### C. Grids.

"Exclusive reliance on the grids is not appropriate either when [a] claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." *Walker v. Bowen*, 826 F.2d 996, 1002–03 (11th Cir.1987)(quoting *Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir.1985)).[11] "The ALJ must 'make a specific finding as to whether the nonexertional limitations are severe enough to preclude a wide range of employment at the given work capacity level'" so as to preclude exclusive reliance on the Grids. *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir.1995)(quoting *Welch v. Bowen*, 854 F.2d 436, 439 (11th Cir.1988)).[12]

"A nonexertional impairment is one which is medically determinable and causes a nonexertional limitation of function or an environmental restriction." SSR 85–15. A limitation in the ability to sit, stand, walk, lift, carry, push or pull is an exertional limitation; all other limitations are nonexertional. 20 C.F.R. § 404.1569a(a), (b). In particular, "[p]ain is a nonexertional impairment." *Foote v. Chater*, 67 F.3d at 1559; *accord Walker v. Bowen*, 826 F.2d at 1003.[13]

■ While discounting the plaintiff's complaints of pain, the ALJ found that her

6. (Tr. 229–30).

7. (Tr. 35, 229).

8. (Tr. 203–04, 207).

9. The plaintiff notes that Dr. Bose eventually performed a similar surgery on her left foot a year after the ALJ's decision. (Tr. 329–33). Because these records were not before the ALJ, they are irrelevant to whether his findings are supported by substantial evidence. *E.g., Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir.1998). At any rate, Dr. Bose noted in July 2000 that the plaintiff's left foot represented a "new problem." (Tr. 342).

10. The ALJ found the plaintiff can perform a full range of sedentary work. A requirement to elevate the legs for all or part of the workday might well reduce the range of jobs available sufficiently to preclude exclusive reliance on the Grids.

11. *Accord Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir.1999), *cert. denied*, 529 U.S. 1089, 120 S.Ct. 1723, 146 L.Ed.2d 644 (2000); *Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir.1996); *Foote v. Chater*, 67 F.3d 1553, 1558 (11th Cir.1995); *Allen v. Sullivan*, 880 F.2d 1200, 1202 (11th Cir.1989).

12. *Accord Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir.1985).

13. *Cf.* SSR 96–9p (symptoms such as pain are exertional if the only functional limitations they impose are limited to the areas of sitting, standing, walking, lifting, carrying, pushing and/or pulling; otherwise, such symptoms are at least partially nonexertional); *accord* SSR 96–8p.

impairments "do cause some pain," only not so much as to "prevent her from performing substantial gainful activity." (Tr. 26). When considering whether to rely exclusively on the Grids, however, the question is not whether the plaintiff's pain is independently disabling but whether it significantly affects non-exertional job requirements (such as concentration). The ALJ's finding fails to address whether the plaintiff's pain causes non-exertional limitations or whether any such limitations are of sufficient degree to preclude exclusive reliance on the Grids. Nor does his decision contain the required statement as to the impact of the plaintiff's pain on the applicability of the Grids. On remand, the ALJ should remedy these defects.

## IV. Conclusion.

For the reasons set forth, it is recommended that the defendant's motion to remand be **granted** and that this action be **remanded** to the Commissioner of Social Security in accordance with sentence four of 42 U.S.C. § 405(g) for further proceedings not inconsistent with this report and recommendation. Remand pursuant to sentence four of Section 405(g) makes the plaintiff a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates the federal court's jurisdiction over this matter.

The attached sheet contains important information regarding objections to this report and recommendation.

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. *Objection*. Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir.1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982)(*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. *Transcript (Applicable Where Proceedings Tape Recorded).* Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

February 20, 2003.