Francis E. Pierce, Jr., Orlando, Fla., for plaintiff-appellant.

Robert W. Merkle, U.S. Atty., Walter Postula, Dennis I. Moore, Asst. U.S. Attys., Orlando, Fla., Nathan K. Kobin, Office of the General Counsel, Dept. of Health & Human Services, Baltimore, Md., for defendant-appellee.

**Kennis HALL, Plaintiff–Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant–Appellee.**

No. 87–3052

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Dec. 8, 1987.

Before RONEY, Chief Judge, KRAVITCH and JOHNSON, Circuit Judges.

PER CURIAM:

Kennis Hall, on his third application for social security disability benefits, was found to be disabled as of October 14, 1982. Hall's third application alleged a disability onset date of August 31, 1982. Hall's two previous applications, which were denied and not appealed, alleged a May 2, 1980 onset date. At the hearing before the Administrative Law Judge (ALJ) on Hall's

---

third application, Hall moved for a reopening of his earlier applications or an extension of the time for appeal. The ALJ denied these motions. In his complaint filed in district court, Hall argues that he has been disabled since May 2, 1980, and the Secretary improperly refused to reopen his prior applications and designate the correct onset date.

The district court entered judgment for the Secretary on the basis of the Magistrate's Report and Recommendation, which concluded that the court lacked jurisdiction to review the Secretary's refusal to reopen the prior applications. We affirm.

The procedural history of the claim is as follows: On May 20, 1980, Hall applied for social security disability benefits alleging an onset date of May 2, 1980. After Hall's application was denied initially and on reconsideration, an ALJ held a hearing on the application. The ALJ determined that Hall was not disabled and the Appeals Council denied review.

On November 25, 1981, Hall filed a second application for benefits again alleging an onset date of May 2, 1980. Hall's application was denied on all levels of administrative hearing. Hall did not seek judicial review on either of these applications.

On February 16, 1983, Hall filed his third application for disability benefits, alleging an onset date of August 31, 1982. This application was denied initially and on reconsideration. At the hearing before the ALJ, Hall in effect sought to amend the onset date to May 2, 1980 by moving to reopen his prior applications or extend the time for seeking judicial review of these prior applications. The ALJ denied the motions to revive Hall's earlier applications and found Hall to be disabled as of October 14, 1982.

The Secretary's denial of a motion to reopen is subject to judicial review only if the merits of the closed disability application are actually reexamined, *McGowen v. Harris*, 666 F.2d 60 (4th Cir.1981), or if the claimant presents a colorable constitutional claim. *Graham v. Bowen*, 786 F.2d 1113 (11th Cir.1986).

This Court has held that while a "reconsideration on the merits to any extent" constitutes a *de facto* reopening, *Cherry v. Heckler*, 760 F.2d 1186, 1189 (11th Cir. 1985), the Secretary must be allowed some leeway to evaluate the proffered evidence to determine whether to reopen the case. *Id.* In the present case, it is clear that the Secretary evaluated the new evidence without actually reconsidering the merits of the 1980 and 1981 applications. Accordingly, judicial review cannot be predicated on this basis.

Hall has failed to raise a colorable constitutional claim in conjunction with his motion to reopen. Hall argues that his due process rights were violated by the denial of benefits to which he was clearly entitled and by a social security system that is inherently unfair. Procedural due process in this context requires "only an opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 1190 (citing *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976)). At the hearing before the ALJ, Hall was represented by counsel and had an opportunity to present evidence. Hall also had the right to appeal the adverse decision of the ALJ. The record thus reveals that Hall was accorded his full due process rights in conjunction with his motion to reopen.

AFFIRMED.