**Laura Jan BROWN, Plaintiff–Appellant,**

**v.**

**Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant–Appellee.**

**No. 89–8709.**

United States Court of Appeals, Eleventh Circuit.

Jan. 22, 1991.

---

Charles J. Durrance, Atlanta, Ga., for plaintiff-appellant.

Nina Loree Hunt, Asst. U.S. Atty., Melinda V. Spratt, Bruce R. Granger, Haila Naomi Kleinman, Mary Ann Sloan, Mack A. Davis, Office of Gen. Counsel, Dept. HHS, Atlanta, Ga., for defendant-appellee.

Before ANDERSON and EDMONDSON, Circuit Judges, and GODBOLD, Senior Circuit Judge.

GODBOLD, Senior Circuit Judge:

Laura Jan Brown appeals from the district court's affirmance of the Secretary's determination of the onset date of her disability. She contends, among other things, that, because the Secretary did not apply the proper legal standard to subjective evidence of her pain, he incorrectly determined that she became totally disabled in 1981 rather than in 1978. In reply the Secretary asserts that he applied the proper standard to the subjective evidence of pain and that the doctrine of administrative res judicata bars an award of benefits for part of the pre–1982 period.

We agree with Brown that the Secretary did not apply the proper standard to the subjective evidence of pain and with the Secretary that administrative res judicata applies in this case. Therefore, we reverse the Secretary's determination of Brown's disability onset date and remand with directions to award benefits for that part of the pre–1982 period for which res judicata does not bar an award.

## BACKGROUND

Brown claims disability based on a back injury, emotional problems, drug dependency and a combination of these impairments.[1] She filed her first application for disability benefits in November 1979, alleging that her disability commenced on April 26, 1978. On March 1, 1980 the agency denied the application, and an ALJ denied a request for an administrative hearing as untimely filed. Brown did not pursue the first application further.

She filed her second application for benefits in May 1981 alleging the same impairments and onset date. After a hearing an ALJ denied benefits on April 15, 1983, and the Appeals Council declined further review after considering additional medical evidence. Brown then sought review in

federal court of the Secretary's denial of her second application. At about the same time she filed a third application for benefits, this time alleging an onset date of April 16, 1983, the day after the second application was denied. The agency granted the application and awarded benefits based on the April 16, 1983 onset date.

Brown continued to pursue the appeal of her second application. The district court granted the Secretary's motion to remand the appeal to the Appeals Council, which in turn vacated the ALJ's decision of April 15, 1983 and remanded the case to an ALJ to consider new medical evidence and to obtain the opinion of a medical advisor regarding impairment prior to that date. After a hearing the ALJ ruled that Brown's emotional problems had rendered her totally disabled as of September 2, 1981, but that before that date she had been capable of performing sedentary work. The ALJ also determined that the doctrine of administrative res judicata precluded him from reopening the first application to determine whether Brown was disabled before March 1, 1980, the date of the final denial of the first application.

The Appeals Council and the District Court affirmed the Secretary's determination that September 2, 1981 was the onset date of Brown's disability.

## DISCUSSION

This appeal presents two questions. First, was the Secretary's determination that Brown was not disabled before September 2, 1981 based on the proper legal standards and supported by substantial evidence? Second, does the doctrine of administrative res judicata bar an award of benefits based on an onset date prior to March 1, 1980, the date on which the ALJ denied Brown's first application for benefits?

■ We must affirm the Secretary's factual determinations if they are supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.

---

**1.** This opinion discusses only the Secretary's failure to apply the proper standard to Brown's testimony regarding pain resulting from her

back injury because that failure requires an award of additional benefits.

1983). This restrictive standard of review applies only to findings of fact and "no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standard to be applied in reviewing claims." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.1986) (quoting *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir.1982)).

### The Pain Standard

We reverse the District Court's affirmance of the Secretary's determination that Brown was capable of performing sedentary work before September 2, 1981 because neither the ALJ's recommended decision nor the Appeals Council's final decision applied the proper standard to the subjective evidence of disabling pain caused by Brown's back injury.

■ This court has established a three-part "pain standard" that applies when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms. The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *See Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).

■ The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir.1987); *MacGregor*, 786 F.2d at 1054; *Landry*, 782 F.2d at 1152. If the Secretary decides not to credit such testimony, he must discredit it explicitly, *MacGregor* at 1054, and articulate explicit and adequate reasons for doing so. *Hale*, 831 F.2d at 1011. Failure to articulate the reasons for discrediting subjective pain testimony requires, as a matter of law, that the testimony be accepted as true. *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir.1988); *Hale*, at 1011; *MacGregor*, at 1054.

■ At the hearing on her second application Brown testified that she injured her back in April 1978 and underwent surgery on her spine in June 1979. She said that she had continued to suffer from severe pain in her waist, hips and right leg even after she recovered from the surgery, and that this pain rendered her unable to sit, stand or walk for more than one hour. She also testified that the pain forced her to lie down with a heating pad for up to two hours three times a day and that it frequently prevented her from performing light housework such as making up beds or washing dishes.

The Secretary's decision contains no indication that he applied the three-part pain standard to this testimony. Neither the ALJ's nor the Appeals Council's decision explicitly discredited Brown's testimony or considered whether her underlying medical condition, her back injury, could reasonably be expected to give rise to the alleged pain. The ALJ merely stated that "the claimant had no particular significant positive findings from a neurologic or orthopedic standpoint, having a full range of motion and no significant sensory, motor, or reflex abnormalities as regards her back." The Appeals Council, while finding that "claimant may have experienced some degree of discomfort with heavy lifting and other strenuous activities ...[,]" stated that "based on the total medical evidence in the record ... claimant's back impairment prior to September 2, 1981 has not been shown to preclude [sedentary work]." Thus, the Secretary neither explicitly discredited Brown's testimony nor gave explicit and adequate reasons for discrediting it implicitly.

The Secretary's failure to apply the proper standard requires that Brown's testimony regarding pain be accepted as true, *Hale*, 831 F.2d at 1011. Therefore, we reverse the district court's affirmance of the Secretary's determination that Brown was not totally disabled before September 2, 1980 and remand the case with instructions that it be returned to the Secretary for an award of additional disability benefits.

*Administrative Res Judicata*

■ Brown argues that she is entitled to benefits for the entire period after April 26, 1978, the disability onset date that she alleged in her first application for benefits. The Secretary responds that the doctrine of administrative res judicata bars us from granting relief based on the period before March 1, 1980, the date on which the Secretary's denial of Brown's first application became final. We agree with the Secretary that res judicata bars an award of benefits for the period before March 1, 1980, and therefore we hold that Brown is entitled to benefits based on an onset date of March 2, 1980.

This court has held that we may not reopen the final denial of an application unless the Secretary has already reexamined the merits of the closed application, or if the claimant presents a colorable constitutional claim. *See Hall v. Bowen,* 840 F.2d 777, 778 (11th Cir.1987). Because Brown has not raised a constitutional claim, we are left only with the question of whether the Secretary reopened Brown's first application after he denied it. We hold that he did not.

■ Although a "reconsideration on the merits to any extent" constitutes a reopening, *Cherry v. Heckler,* 760 F.2d 1186, 1189 (11th Cir.1985), we have recognized that the Secretary must be allowed to evaluate newly proffered evidence to determine whether to reopen the case. *Hall,* at 778. If the Secretary merely considers newly proffered evidence without reconsidering the merits of the previously denied application, then he has not reopened that application. *See Id.* This is just such a case. Although the Appeals Council and the ALJ commented on Brown's condition prior to March 1, 1981 while considering her second application, they did so while considering newly proffered evidence, and these statements did not amount to a reconsideration of the merits of the denied first application.

REVERSED and REMANDED with directions.