[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2005
THOMAS K. KAHN
CLERK

No. 04-16536
Non-Argument Calendar

_____

D.C. Docket No. 03-02677-CV-S-S

SAM JOHNSON,

                                        Plaintiff-Appellant,

        versus

JO ANNE B. BARNHART,
Commissioner of the Social Security Administration

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(June 17, 2005)

Before ANDERSON, BLACK and WILSON, Circuit Judges.

PER CURIAM:

        Sam Johnson appeals the district court's order affirming the administrative

law judge's (ALJ's) denial of his applications for a period of disability, disability

insurance benefits, and supplemental security income due to his arthritis, 42 U.S.C. §§ 405(g), 1383(c)(3). Johnson argues that (1) the ALJ did not properly apply the three part pain test and that the ALJ's finding that Johnson's pain was not disabling was not supported by substantial evidence; (2) the ALJ failed to afford proper weight to Johnson's treating physician, Dr. Autry; and (3) the ALJ failed to take reasonable measures to fairly and fully develop the record.

We review a social security case to determine whether the ALJ's decision is supported by substantial evidence and whether the correct legal standards were applied. *See Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). With respect to the Commissioner's legal conclusions, our review is *de novo*. *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

**I. Application of Pain Test and Substantial Evidence**

First, Johnson argues that the ALJ improperly applied the three part pain test and erred in finding that Johnson's pain was not disabling. In *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002), we held:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain. If the ALJ discredits subjective testimony, he must articulate explicit

2

> and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true.

(citations omitted).

A reversal is required if the ALJ's decision contains no evidence of the proper application of the three part standard. *See Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). This however, does not require a verbatim recitation of the pain standard, the ALJ need only make findings that indicate the proper standard was utilized. *Id*. If it is found that the ALJ employed the proper standard, we must determine whether substantial evidence supports the ALJ's finding under that standard. *See Callahan*, 125 F.3d at 1439.

The ALJ followed the pain standard. First, the ALJ found sufficient evidence of underlying medical conditions. Second, with regard to whether there existed objective medical evidence that confirms the severity of this pain or whether the underlying medical condition could give rise to the claimed pain, the ALJ found:

> Although the evidence as a whole establishes underlying medical conditions capable of producing some limitations, the evidence as a whole does not confirm disabling limitations arising from those conditions, nor does it support a conclusion that the objectively determined medical conditions are of such severity that they could reasonably be expected to give rise to disabling limitations.

3

Additionally, the ALJ's findings under the pain standard are supported by substantial evidence. First, the record contains no objective medical reports of disabling pain. Second, the record supports the ALJ's finding that Johnson's arthritis could not reasonably be expected to give rise to disabling pain. Dr. Autry found that Johnson's arthritis limited his ability to stand, stoop, climb, or walk for prolonged periods of time. Dr. Autry did not place limitations on Johnson's ability to sit or work with a sit/stand option. These findings are supported by Dr. Purdy who also found Johnson could work in jobs that involved: sitting, non-prolonged standing, short distance walking, light lifting, light carrying, handling objects, hearing, speaking, and traveling. Thus, we find that the ALJ properly applied the pain standard; his findings that Johnson's pain was not disabling were supported by substantial evidence.

## II. Weight of Treating Physician's Report

Next, Johnson argues that the ALJ failed to afford proper weight to the reports of Johnson's treating physician, Dr. Autry. Testimony or an opinion of a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. *Callahan*, 125 F.3d at 1440. We have found "good cause" to exist where (1) the opinion was not bolstered by the evidence, (2) the evidence supported a contrary finding, or (3) opinion was conclusory or

4

inconsistent with the doctor's own medical records. *Id*. The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error. *Id*.

In February 1998, Dr. Autry reported Johnson could not stand, climb, squat, or walk for any prolonged period of time. In April of that year, Dr. Autry added prolonged stooping to the aforementioned activities. But Dr. Autry asserted, at that time, that Johnson could find gainful employment in a position in which he is not required to participate in any of the described activities. In July 1999, Dr. Autry reported that Johnson was trying to find work. The record does not contain any evidence that Dr. Autry treated Johnson between 1999 and 2002. But, in 2002, Dr. Autry signed a form for the Department of Human Resources Food Stamp Program that indicated Johnson was unable to work. This conclusion is not supported by Dr. Autry's prior reports or the remaining medical evidence from other sources. Accordingly, the ALJ did not err in reducing the weight he afforded Dr. Autry's 2002 conclusion.

## III. Measures To Fairly and Fully Develop the Record

Finally, Johnson argues the ALJ failed to take reasonable measures to fully and fairly develop the record. "Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair

record." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). Medical sources should be recontacted when the evidence received from that source is inadequate to determine whether the claimant is disabled. 20 C.F.R. §§ 404.1512(e); 416.912(e). Social Security Ruling 96-5p provides:

> Because treating source evidence (including opinion evidence) is important, if the evidence does not support a treating sources's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make "every reasonable effort" to recontact the source for clarification of the reasons for the opinion.

Soc. Sec. Rul. 96-5p. In evaluating whether it is necessary to remand, we are guided by "whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995).

Dr. Autry last examined Johnson in 1999, three years before completing the 2002 form for the food stamp program. Johnson did not introduce any reports from Dr. Autry in those intervening years. He has not argued that there are reports that Dr. Autry could have provided the ALJ for those years. A likelihood of prejudice may arise if there is an evidentiary gap that "the claimant contends supports [his] allegations of disability." *Id.* at 936 n. 9. However, Johnson points to no such evidentiary gap. There was nothing more from the record that Dr. Autry could have provided to aid the ALJ in ascertaining the basis for his opinion

as the ALJ already possessed all the medical records he could have provided.

Upon careful review of the administrative proceedings, the medical record, the proceedings in the district court, and the parties' briefs, we find no reversible error. Accordingly, we affirm the district court.

**AFFIRMED.**