[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15919
Non-Argument Calendar

_____

D. C. Docket No. 02-01047-CV-J-21-TEM

ALICE TURNER,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 31, 2006)**

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Alice Turner appeals the district court's order affirming the Commissioner's

denial of disability insurance benefits for the period between April 28, 1993, and

April 20, 1998, 42 U.S.C. § 405(g). Turner argues the Administrative Law Judge (ALJ) erred in (1) finding her only severe impairment was degenerative disc disease; (2) finding her non-exertional impairments were not severe; and (3) posing employment hypotheticals to the Vocational Experts (VEs) that failed to depict her impairments accurately. We affirm.

"We review the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted).

Turner first asserts the ALJ erred in finding her only severe impairment was degenerative disc disease, arguing the ALJ failed to consider her other back conditions as separate severe impairments. Where, as here, a claimant is not involved in substantial gainful activity, the Commissioner "determines whether a claimant has a 'severe' impairment or combination of impairments that causes more than a minimal limitation on a claimant's ability to function." *Davis v. Shalala*, 985 F.2d 528, 532 (11th Cir. 1993). The claimant bears the burden of

2

proving she has a severe impairment or combination of impairments. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a); *see also Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).

The ALJ considered Turner's various back conditions—a herniated disc, several bulging discs, osteophyte formation encroaching on the nerve root canal, scoliosis, osteoarthritis, and bone spurring—as manifestations of her degenerative disc disease rather than separate impairments. The medical evidence supports this finding. Each physician who diagnosed Turner concluded she suffered from degenerative disc disease. Although her other back conditions were noted in certain physician reports, they were either not designated as distinct diagnoses or were not consistently conclusive. Furthermore, Turner did not submit any evidence that the ALJ's finding regarding her severe impairment was incorrect; nor did she submit any evidence to show the other conditions were severe individually. Substantial evidence thus supports that the ALJ, in finding Turner's severe impairment was degenerative disc disease, considered the effect of each impairment individually and in combination.

Turner next argues the ALJ failed to consider her pain, medication side-effects, and learning disability as separate, non-exertional impairments. When a claimant attempts to establish disability through her own testimony of pain or other subjective symptoms, she must show: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence that confirms the severity of the alleged pain arising from that condition, or (b) that the objectively determined medical condition is of such a severity it can be reasonably expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Foote*, 67 F.3d at 1561. "If the [Commissioner] decides not to credit such testimony, he must discredit it explicitly, and articulate explicit and adequate reasons for doing so." *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991) (citation omitted).

The ALJ did not err in applying the pain standard or discrediting Turner's subjective testimony of pain because the medical evidence does not confirm the severity of pain Turner alleged to have suffered. Every medical assessment expressing an opinion about Turner's capacity, except for one, concluded Turner could perform a range of light work with some additional limitations, such as not

4

stooping.  Furthermore, Turner's daily activities, including her admission that she looked for work while she was allegedly disabled, were inconsistent with her complaints of disabling pain.  Although Turner's degenerative disc disease could reasonably cause pain, the pain she alleged is disproportionate to the medical evidence.  Substantive evidence thus supports the ALJ's credibility determination, and the ALJ did not err in finding Turner's subjective pain was not a severe impairment.[1]  Similarly, the ALJ did not err in discrediting Turner's testimony regarding side-effects from her medications because the record includes no evidence that Turner consistently complained to her doctors of any side-effects.

Turner further argues the ALJ should have found her learning disability a severe impairment because, according to rehabilitation consultant Dr. Gray, it rendered her "functionally illiterate" such that "any attempts at competitive employment will continue to be in vain."  The ALJ must state with particularity the weight it gives different medical opinions and the reasons for that weight. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).  The ALJ "may reject any medical opinion if the evidence supports a contrary finding." *Id.* at 280.

---

[1] Turner also contends the ALJ erred in not finding her inability to stoop, which was caused by her pain, a distinct severe impairment.  Evidence supports that Turner's inability to stoop is a limitation resulting from her degenerative disc disease and not a separate impairment.  The ALJ adequately addressed Turner's inability to stoop as such.

The ALJ was free to give little weight to Dr. Gray's opinion. Social Security regulations define illiteracy as "the inability to read or write." 20 C.F.R. § 404.1564(b)(1). Turner, however, tested at the sixth grade level for reading and arithmetic, and at the fourth grade level for spelling. Although her abilities are more limited than her high school diploma implies, Turner stated she was able to write, and that she could read the Bible and newspaper. Even her past work as a warehouse operator required her to read forms and occasionally enter data into a computer. Furthermore, other evidence contradicts Dr. Gray's conclusion regarding Turner's employability. Two VEs opined that jobs existed in substantial numbers for someone with Turner's limitations. Accordingly, the ALJ did not err in discrediting Dr. Gray's opinions.

Finally, Turner argues the ALJ erred in posing hypotheticals to the VEs that failed to depict her impairments accurately. Once a claimant has established some disability that prevents her from performing her past relevant work, as here, the burden shifts to the Commissioner to demonstrate there are a significant number of jobs in the national economy the claimant can perform. *Jones*, 190 F.3d at 1228. In order for the ALJ to rely on a VE's testimony to prove the existence of jobs a claimant can perform, the ALJ must pose a hypothetical that adequately describes all the claimant's impairments and accurately reflects her educational level, age,

6

and work skills and experience. *Id.* at 1229. The hypothetical, however, need only include limitations supported by the record. *Id.*

The ALJ posed detailed hypotheticals to two VEs over the course of two separate hearings, which included Turner's inability to stoop. The hypotheticals did not need to include Turner's subjective testimony of pain and side-effects from her medications because, as explained above, substantial evidence supports the ALJ's discrediting this testimony. Nor did the hypotheticals need to include Dr. Gray's opinions regarding Turner's functional illiteracy or employability, as the ALJ specifically included Turner's reading, spelling, and arithmetic levels in her hypotheticals. The hypotheticals posed to the VEs were thus not in error.

**AFFIRMED.**