[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12677
Non-Argument Calendar

_____

D. C. Docket No. 05-00184-CV-1-MMP-AK

ANN M. SHELDON,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,
Commissioner of the Social
Security Administration,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(March 10, 2008)**

Before TJOFLAT, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Ann M. Sheldon appeals the district court's order affirming the Commissioner's denial of her application for a period of disability and disability insurance benefits. 42 U.S.C. § 405(g). She contends that the Administrative Law Judge (ALJ) (1) erred in finding that her orthopedic impairment could not reasonably be expected to produce pain, and (2) failed to provide adequate reasons for discrediting her testimony.

We review the Commissioner's factual findings with deference and legal conclusions with close scrutiny. Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001). We treat the ALJ's decision as the Commissioner's final decision when the ALJ denies benefits and, as here, the Appeals Council denies review. Id. We do not reweigh evidence presented to the ALJ or substitute our judgment for that of the ALJ; instead, we review the entire record to determine if the decision reached is reasonable and is supported by substantial evidence. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a finding. Doughty, 245 F.3d at 1278. "[A] mere scintilla" of evidence does not suffice. Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998).

A three-part "pain standard" applies when a claimant attempts to establish disability through her own testimony of pain or other subjective symptoms. Brown

v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991). The standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. Id.

A "claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." Id. "Indeed, in certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence." Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995). If the ALJ decides not to credit such testimony, he must do so explicitly, explaining why the testimony is not worthy of belief. Brown, 921 F.2d at 1236. If the ALJ fails to articulate the reasons for discrediting the claimant's subjective pain testimony, the testimony must be accepted as true, as a matter of law. Id. A claimant's daily activities may be considered in evaluating complaints of disabling pain. Cf. Harwell v. Heckler, 735 F.2d 1292, 1293 (11th Cir. 1984). A claimant's failure to seek medical treatment is also relevant in assessing credibility. Watson v. Heckler, 738 F.2d 1169, 1173 (11th Cir. 1984). A doctor's conservative medical treatment for a particular condition tends to negate a claim of disability. Wolfe v. Chater, 86 F.3d 1072, 1078 (11th Cir. 1996).

In this case, the ALJ articulated the reasons for discrediting Sheldon's testimony regarding her orthopedic impairments and her complaints of pain. Because substantial evidence fully supports the ALJ's decision, the judgment of the district court is

AFFIRMED.