[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15521
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:09-cv-00167-MTT

LESIA D WILCOX,

Plaintiff - Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 21, 2011)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Lesia D. Wilcox appeals the district court's order affirming the Social Security Administration Commissioner's denial of disability, disability insurance benefits, and supplemental security income under 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons discussed below, we affirm.

## I. STANDARD OF REVIEW

When reviewing the Commissioner's decision, we determine whether it is supported by substantial evidence, and we seek to ensure that was based on the proper legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). Where the ALJ denies benefits and the Appeals Council denies review of the ALJ's decision, we review the decision of the ALJ as the Commissioner's final decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). In our review, "[w]e may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (alteration omitted) (internal quotation marks omitted).

## II. DISCUSSION

The Social Security Administration applies the following five-step, sequential analysis to determine whether an applicant is entitled to disability benefits. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4). If not, at the second step, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." *Id.* If there is no severe impairment, the claimant is not deemed to be disabled, and the claim is denied. *Id.* At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id.* If so, the fourth step requires the ALJ to assess the claimant's "residual functional capacity" and whether she can perform her "past relevant work." *Id.* If she cannot perform her past relevant work, then the ALJ moves to the fifth step, considering whether, in light of the claimant's disability, she can perform other work. *Id.*

Wilcox's appeal concerns the third and fourth steps. *See id.* Specifically, Wilcox argues that the ALJ erred by (1) giving greater weight to the medical opinion of a non-treating specialist than to her own physician, and (2) failing to credit her subjective experience of pain.

A.    *Weight Given to Physician Opinions*

Social security regulations provide guidelines for the ALJ in evaluating medical opinion evidence. *See id.* § 404.1527. The ALJ may consider many factors when weighing medical evidence, including the claimant's relationship with the examining or treating physician, whether a medical opinion is well-supported, whether a medical opinion is consistent with the claimant's record, and a doctor's specialization. *See id.* § 404.1527(d). Generally, the opinions of examining or treating physicians are given more weight than non-examining or non-treating physicians unless "good cause" is shown to the contrary. *See id.* § 404.1527(d)(1), (2); *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). We have found "good cause" where the opinion was conclusory or inconsistent with the physician's own medical records or where the evidence supported a contrary finding. *See Lewis*, 125 F.3d at 1440. Finally, the opinions of specialists regarding medical issues related to his area of specialty generally are given more weight than the opinions of non-specialists. *See id.* § 404.1527(d)(5).

As our limited review precludes us from reweighing the evidence, we will find no reversible error when the ALJ has articulated specific reasons for failing to give the opinion of a treating physician controlling weight, if those reasons are supported by substantial evidence. *See Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (per curiam). Additionally, the ultimate issue of disability is left

4

to the determination of the Commissioner, and, thus, a statement by a medical source that a claimant is "disabled" or "unable to work" is not binding on the ALJ. § 404.1527(e)(1).

Here, we are satisfied that the ALJ's articulated reasons for failing to accord controlling weight to Dr. Jones's opinion are supported by substantial evidence. We cannot reweigh the evidence related to Wilcox's claim anew; thus, we conclude that the ALJ did not err by giving greater weight to the medical opinion of a non-treating specialist than to Wilcox's own treating physician.

B.     *Assessment of Wilcox's Credibility*

A three-part "pain standard" applies when a claimant attempts to establish disability through his own testimony of pain or other subjective symptoms. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam). The standard requires the court to review (1) evidence of an underlying medical condition, and (2) either objective medical evidence that confirms (a) the severity of the alleged pain arising from that condition, or (b) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Id.* A "claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir.

1991).  "Indeed, in certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995) (per curiam).  But if the ALJ decides not to credit such testimony, he must discredit it explicitly, and articulate adequate reasons for doing so. *See Wilson*, 284 F.3d at 1225.

Here, we conclude that the ALJ's credibility finding is supported by substantial evidence and that the ALJ articulated adequate reasons for discrediting Wilcox's subjective testimony.  The ALJ found that her impairments reasonably could be expected to produce the alleged symptoms, but that her statements on the intensity, persistence, and limiting effects of the symptoms were not entirely credible.  In support of this finding, the ALJ considered Wilcox's testimony together with all of the medical evidence in the record.  Thus, we affirm the ALJ's credibility determination.

## III.   CONCLUSION

Upon a thorough review of the entire record on appeal, and after consideration of the parties' briefs, we affirm.

**AFFIRMED.**