[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 23, 2012
JOHN LEY
CLERK

No. 11-12579
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cv-01149-GAP-DAB


CARLOS BELLO,

                                                         Plaintiff-Appellant,

                             versus

COMMISSIONER OF SOCIAL SECURITY,

                                                         Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 23, 2012)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Carlos Bello appeals the district court's dismissal of his complaint seeking judicial review of the Commissioner of Social Security's ("Commissioner") decision not to reopen Bello's claim for surviving child's insurance benefits ("CIB"). After review, we affirm.

## I. BACKGROUND FACTS

### A. 1971 Application for CIB

Appellant Bello is the child of Lucia Sanchez, born in Puerto Rico, and Carlos E. Bello, a citizen of the Dominican Republic. In 1967, the parents met in Puerto Rico. In 1969, the parents and their infant daughter moved to the Bronx, New York. In August 1970, two months before Appellant Bello was born, Bello's father died. Bello's mother moved to the Dominican Republic.

On October 21, 1970, Appellant Bello was born in the Dominican Republic. On February 16, 1971, Bello's mother returned to the United States with Bello's sister, leaving Bello in the care of relatives in the Dominican Republic.

In July 1971, Bello's mother applied for CIB on behalf of Appellant Bello and his sister. The Social Security Administration ("SSA") determined that Appellant Bello was eligible for CIB benefits, but that those benefits were subject to suspension, pursuant to the alien non-payment provision of the Social Security Act ("the Act"), 42 U.S.C. § 402(t). Under the alien non-payment provision,

2

benefits cannot be paid to an individual who is not a U.S. citizen if that individual "is outside the United States" for six consecutive calendar months. See 42 U.S.C. § 402(t)(1). Bello's mother did not appeal the denial of the CIB application.[1]

On September 15, 1980, Bello moved to the United States to live with his mother and sister. From October 1980 until October 1988, when Bello turned 18, he received CIB benefits.

**B. Bello's 2002 Letter to SSA Requesting Retroactive Benefits**

On December 6, 2002, Bello received a letter from the SSA stating that he was eligible for CIB beginning in October 1970 until he turned 18 in October 1988. In a December 11, 2002 letter, Bello advised the SSA that he had not received benefits between October 1970 and October 1980, and requested that those benefits be paid retroactively.

In response, the SSA sent Bello a December 12, 2002 letter explaining that he did not receive benefits during that ten-year period because he was not a U.S. citizen and was not living in the United States at the time. Bello does not dispute that he was in the Dominican Republic during the ten-year period.

---

[1]Because the SSA destroyed Bello's 1971 file as part of its record management policy, his 1971 CIB application and the SSA's decision are not in the record. However, the parties do not dispute that the SSA denied Bello's 1971 application pursuant to 42 U.S.C. § 402(t), and Bello does not contend his mother appealed that decision or requested a hearing before an Administrative Law Judge.

3

In a December 17, 2002 letter, Bello advised the SSA that he in fact was a U.S. citizen. Bello submitted documentation, including his October 1980 U.S. passport application and his mother's birth certificate, showing that, even though he was born in the Dominican Republic, his mother was actually born in Puerto Rico, and thus he was a U.S. citizen. On June 3, 2003, Bello provided the SSA with an affidavit from Bello's mother confirming her citizenship and other facts.

In October 2005, an SSA district manager determined that the 1971 decision about Bello's CIB benefits could not be reopened.[2] The SSA found that Bello's benefits were denied in 1971 because Bello "was born in the Dominican Republic and his mother presented no proof of US citizenship" at that time. With Bello being a non-U.S. citizen residing outside the United States in 1971, Bello's CIB benefits could not be paid under the alien non-payment provision. In November 2005, the Appeals Council dismissed Bello's request for reconsideration.

## C.    2007 Request for Hearing

In January 2006, Bello wrote a letter to the Appeals Council asking for further review of his 2002 letter request to reopen or for remand for

---

[2]Although copies of the 2002 correspondence between the SSA and Bello are not in the record, the parties agree about the contents of the correspondence. It appears Bello did not file a formal request for reopening of the 1971 decision. However, later on the SSA apparently construed Bello's earlier 2002 correspondence as a request to reopen.

reconsideration. In March 2006, the SSA dismissed Bello's reconsideration request. In April 2007, Bello sent a letter formally requesting a hearing on his request to reopen.

On September 10, 2008, an Administrative Law Judge ("ALJ") dismissed Bello's request without holding a hearing. The ALJ concluded that Bello did not have a right to a hearing because, pursuant to 20 C.F.R. § 404.903(*l*), the SSA's denial of Bello's letter request for reopening was "not an initial determination giving the claimant appeal rights, so a reconsidered determination was never made." The ALJ concluded that "reopening at any time does not apply" because: (1) the record failed to show that Bello's mother appealed or provided additional evidence to correct the 1971 determination; and (2) Bello did not present his evidence of U.S. citizenship until 1980. The ALJ opined—repeating an earlier admonition that the discussion of the issue was "only for opinion purposes"—that there was no error on the face of the evidence existing at the time of the initial 1971 determination.

On June 4, 2010, the Appeals Council denied review, agreeing with the ALJ that "the denial of a request for reopening does not constitute an initial determination and does not convey administrative and/or judicial appellate rights (20 CFR 404.903(l) and 20 CFR 404.930)."

**D.      District Court Proceedings**

Bello's complaint seeks judicial review of the Commissioner's decision and a retroactive award of benefits.  The Commissioner filed a motion to dismiss Bello's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).  The Commissioner argued, <u>inter alia</u>, that the district court lacked subject matter jurisdiction under 42 U.S.C. § 405(g) because Bello had not obtained a final decision made after a hearing.

In a report and recommendation ("R&R"), a magistrate judge recommended granting the Commissioner's motion to dismiss for lack of subject matter jurisdiction.  Overruling Bello's objections, the district court adopted the R&R and dismissed Bello's complaint.  Bello filed this appeal.

## II.  DISCUSSION

A district court's jurisdiction to review claims arising under the Social Security Act is limited by 42 U.S.C. § 405(g), which permits review only "after any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g); <u>Cash v. Barnhart</u>, 327 F.3d 1252, 1255 (11th Cir. 2003).  The Act does not define "final decision," instead leaving it to the Commissioner to give meaning to that term through regulations.  <u>Sims v. Apfel</u>, 530 U.S. 103, 106, 120 S. Ct. 2080, 2083 (2000); <u>see also</u> 42 U.S.C. § 405(a).  Under the regulations,

a final decision for § 405(g) purposes is an initial determination that a claimant has pursued through all steps of the administrative review process, including an initial determination, a reconsideration determination, a hearing decision by an ALJ and discretionary review by the Appeals Council. 20 C.F.R. § 404.900(a)(1)-(5); see also Weinberger v. Salfi, 422 U.S. 749, 765, 95 S. Ct. 2457, 2466-67 (1975) (explaining the regulations "specify that the finality required for judicial review is achieved only after the further steps of a hearing before an administrative law judge and, possibly, consideration by the Appeals Council").

The denial of a request to reopen a prior final and binding determination, however, is not an initial determination and is not subject to the administrative review process. 20 C.F.R. § 404.903(*l*); Califano v. Sanders, 430 U.S. 99, 108, 97 S.Ct. 980, 986 (1977); Cash, 327 F.3d at 1256; Bloodsworth v. Heckler, 703 F.2d 1233, 1238 (11th Cir. 1983).[3] Therefore, a denial of a request to reopen is not a "final decision . . . made after a hearing" under § 405(g). Califano, 430 U.S. at 108-09, 97 S. Ct. at 986; Cash, 327 F.3d at 1256. As such, federal courts lack subject matter jurisdiction to review a denial of a request to reopen except where :

---

[3]We find no merit to Bello's argument that the Appeals Council's denial of a request to reopen is subject to judicial review under Bloodsworth. As the district court correctly pointed out, Bloodsworth involved a denial of review rather than a denial of a request to reopen and thus is inapposite. See Bloodsworth, 703 F.2d at 1238. Furthermore, in Bloodsworth, this Court explicitly distinguished the denial of a request for review, which may be subject to judicial review, and the denial of a request to reopen, which is precluded from judicial review. Id.

(1) the claimant raises a colorable constitutional claim, or (2) the Commissioner de facto reopens and reconsiders the merits of the prior administrative determination or decision.  See Califano, 430 U.S. at 108-09, 97 S. Ct. at 986; Cash, 327 F.3d at 1256.[4]

Here, Bello's complaint seeks judicial review of the Commissioner's denial of his December 2002 request to reopen the 1971 decision about his CIB benefits. Ordinarily, the district court would lack subject matter jurisdiction to review such a denial.  Bello contends the district court has subject matter jurisdiction here because the Commissioner de facto reopened his 1971 CIB determination by reviewing it on the merits.[5]

We conclude that the Commissioner did not de facto reopen the 1971 decision about Bello's CIB benefits.  Generally, a final decision by the Secretary will be deemed reopened if it is "reconsidered on the merits to any extent and at any administrative level." Cherry v. Heckler, 760 F.2d 1186, 1189 (11th Cir.

---

[4]We review de novo a district court's determination that it lacks subject matter jurisdiction under 42 U.S.C. § 405(g).  Cash v. Barnhart, 327 F.3d 1252, 1255 n.4 (11th Cir. 2003).

[5]In the district court, Bello also argued that his complaint raised a colorable due process claim.  However, Bello does not raise that argument on appeal and thus has abandoned it. Cunningham v. Dist. Attorney's Office for Escambia Cnty, 592 F.3d 1237, 1254 n.9 (11th Cir. 2010) (explaining that an appellant waives any challenge to the dismissal of a claim by not raising it in his appeal brief).

8

1985) (quotation marks omitted).  Pursuant to 20 C.F.R. § 404.988, a prior decision may be reopened at any time if it is "fully or partially unfavorable to a party, but only to correct clerical error or an error that appears on the face of the evidence that was considered when the determination or decision was made."  20 C.F.R. § 404.988(c)(8).  The ALJ must be allowed some leeway to evaluate how newly presented evidence relates back to the prior application in order to determine whether to reopen the case under 20 C.F.R. § 404.988, without the evaluation amounting to a <u>de facto</u> reopening of the merits.  <u>Passopulos v. Sullivan</u>, 976 F.2d 642, 646 (11th Cir. 1992);  <u>Brown v. Sullivan</u>, 921 F.2d 1233, 1237 (11th Cir. 1991); <u>Cherry</u>, 760 F.2d at 1189.

As to the SSA's December 6, 2002 letter informing Bello that he was "eligible" for benefits, Bello concedes that the initial letter only "beg[an] the process of reopening."  However, the SSA explained in a follow-up letter sent to Bello a week later that, although Bello was "eligible" for benefits, his benefits were denied due to the alien suspension rules, which indicates that the first letter was not a reopening.

Under our precedent, a reopening requires an actual reconsideration of the merits, not just an intent to reconsider.  <u>See</u> <u>Cash</u>, 327 F.3d at 1256-57 (noting that, "in contrast, when our precedent has concluded that a reopening occurred, the

case involved an actual reopening of a prior claim by either the ALJ or the Appeals Council"); see also Wolfe v. Chater, 86 F.3d 1072, 1078-79 (11th Cir. 1996) (reopening occurred when ALJ, considering third application for benefits, reexamined merits of determination on first and second application concerning claimant's educational level); Macon v. Sullivan, 929 F.2d 1524, 1529 (11th Cir. 1991) (reopening occurred when Appeals Council reexamined merits of determination on claimants' first application concerning their status as surviving children after ALJ denied request for a hearing on basis of res judicata).

Additionally, a de facto reopening does not occur while the SSA is merely evaluating newly proffered evidence to determine whether to reopen the case. See Cash, 327 F.3d at 1256-57; Brown, 921 F.2d at 1237. At most, the SSA's December 6, 2002 letter was a precursor to this evaluation process. It was not until Bello requested benefits and submitted documentation in support of his 2002 request, which the SSA apparently construed as a motion to reopen, that the SSA requested further information from Bello to evaluate his request to reopen. And, the letters Bello sent the SSA requested a decision as to whether it would reopen his case, reflecting that neither Bello nor the SSA viewed the case as reopened. Accordingly, the district court did not err in finding that the December 6, 2002 letter was not a de facto reopening of the 1971 denial of Bello's CIB benefits.

Likewise, the ALJ's September 10, 2008 order dismissing Bello's request for a hearing was not a de facto reopening. The ALJ's dismissal order found only that Bello did not have a right to request a hearing before an ALJ under the administrative regulations. That finding was based exclusively on the fact that the SSA had denied Bello's request to reopen and not on the merits of the 1971 decision.

After the ALJ found that Bello did not have a right to request a hearing, the ALJ did express his "opinion" as to whether there was an error on the face of the 1971 evidence to warrant a reopening and did discuss Bello's new evidence. However, the ALJ explicitly noted both before and after the opinion that his discussion of this issue was "only for opinion purposes." Furthermore, the ALJ's discussion "for opinion purposes only" evaluated only whether reopening might be warranted, which would not constitute a reopening in any event. See 20 C.F.R. § 404.988; Passopulos, 976 F.2d at 646. Finally, the Appeals Council's subsequent denial of review agreed only with the ALJ's finding that Bello was not entitled to a hearing. Under these circumstances, the ALJ's dismissal did not constitute a de facto reopening of the initial 1971 decision.

In sum, Bello's complaint does not fall within an exception to the general rule precluding judicial review of the Commissioner's refusals to reopen.

Accordingly, the district court did not err in finding that it lacked subject matter jurisdiction to review the Commissioner's decision.[6]

**AFFIRMED.**

---

[6]Because the district court lacked subject matter jurisdiction, Bello's claim that he was entitled to CIB between October 1970 and October 1980 is not properly before us, and we do not consider it.