[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10292
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-00183-MP-MD


BOBBY E. SOLOMON,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 5, 2013)

Before WILSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Bobby Solomon appeals the district court's order affirming the Social

Security Administration's (SSA) final decision to issue him a closed period of

disability insurance benefits running from July 26, 2004, through August 15, 2005, pursuant to 42 U.S.C. § 405(g). He contends that the Social Security Appeals Council (Appeals Council) erred in concluding that he experienced medical improvement sufficient to remove his qualifying disability. Specifically, he argues that (1) there was little if any difference in his physical condition from the onset of his disability through the end of the closed disability period, and (2) the Appeals Council failed to include the effect of his obesity, a non-listing impairment, in his Residual Functional Capacity (RFC), as required under Social Security Ruling (SSR) 02-1P. We now affirm.

## I.

To establish our standard of review, the procedural history of this case is important to note. Twice has Solomon's claim been before an Administrative Law Judge (ALJ). Both times the ALJ found that Solomon was disabled during the period of July 26, 2004, through August 15, 2005, but found that he experienced medical improvements as of August 16, 2005, and was therefore no longer disabled. After the second hearing before the ALJ, the Appeals Council accepted jurisdiction, and found that the ALJ's finding of medical improvement was not supported by specific evidence in the record. As a result, the Appeals Council conducted a thorough review of the record, and determined—as the ALJ did twice before—that Solomon was entitled to a closed period of disability but that his

entitlement to benefits ended as of August 16, 2005, because of medical improvement.

Because the Appeals Council granted review of the ALJ's decision, "the Appeals Council decision is reviewable as the final decision of the [Commissioner of Social Security]." *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998) (internal quotation marks omitted). Our review therefore is directed to the Appeals Council's decision, and we must determine whether that decision is supported by substantial evidence. *Parker v. Bowen*, 788 F.2d 1512, 1517 (11th Cir. 1986) (holding that "federal courts may only review the [Commissioner's] 'final decision', and since the [Commissioner] has delegated his authority to make final decisions to the Appeals Council, federal courts must review the Appeals Council's decision to determine if it is supported by substantial evidence"). The Appeals Council's decision is entitled to the same deference as the decision of the ALJ. *Id.* at 1522.

## II.

On appeal, Solomon first argues that the Appeals Council erred when it determined that he experienced medical improvement sufficient to remove his qualifying disability. The Commissioner may terminate a claimant's benefits upon finding that there has been (1) a medical improvement in the claimant's impairment or a combination of impairments related to the claimant's ability to

3

work, and (2) that the claimant is now able to engage in substantial gainful activity.

42 U.S.C. § 423(f)(1).  Medical improvement is defined as:

> any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [he] w[as] disabled or continued to be disabled.  A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the claimant's] impairments.

20 C.F.R. § 404.1594(b)(1).  We have "held that a comparison of the original medical evidence and the new medical evidence is necessary to make a finding of improvement."  *McAulay v. Heckler*, 749 F.2d 1500, 1500 (11th Cir. 1985) (per curiam); *see* 20 C.F.R. § 404.1594(c)(1).  To terminate benefits, the Commissioner may not focus only on current evidence of disability, but must also "evaluate the medical evidence upon which [the claimant] was originally found to be disabled." *Vaughn v. Heckler*, 727 F.2d 1040, 1043 (11th Cir. 1984) (per curiam).   Without a comparison of the old and new evidence, there can be no adequate finding of improvement.  *Id.*

A claimant may establish that he has "a disability through his own testimony of pain or other subjective symptoms."  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam).  In such a case, the claimant must show:

> (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity

4

> that it can be reasonably expected to give rise to the alleged pain.

*Id.* If the Commissioner discredits subjective pain testimony, he must then articulate explicit and adequate reasons for doing so. *See Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the pain testimony be accepted as true. *Id.* Substantial evidence must support the Commissioner's reasons for discrediting pain testimony. *See Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987).

In this case, substantial evidence supported the Appeals Council's determination that Solomon was disabled for the closed period of July 26, 2004, through August 15, 2005. Solomon was awarded disability insurance benefits beginning July 26, 2004, because, as the Appeals Council explained, there was enough evidence in the record to conclude that, as of the date of his knee injury—July 26, 2004—Solomon experienced sufficient pain to prevent him from performing even sedentary work over the course of an eight-hour work day.

There was also evidence, however, that as of August 16, 2005, Solomon's condition improved. On that date, Dr. Eftim Adhemi examined Solomon and detected no significant limitation in his injured right knee. Moreover, approximately two months later, Dr. Reuben Brigety examined Solomon's medical records and concluded that, based on his history and conditions, he could stand

5

and/or walk up to four hours per day, engage in limited pushing and pulling with his lower extremities, and could even occasionally climb, balance, and stoop. Also, vocational expert Richard Hickey testified that a hypothetical individual with characteristics resembling those of Solomon—morbid obesity and ambulation with the aid of a cane—could work as a warehouse newspaper cutter or surveillance system monitor.

Although Solomon continued to complain of constant, severe knee pain along with shortness of breath, substantial evidence supported the Appeals Council's decision to discount this subjective evidence as of August 16, 2005. *See Brown*, 921 F.2d at 1236. There was no evidence that Solomon sought knee treatment after March 2005, and as of August 2005, he was not taking prescription pain medication. Moreover, Solomon testified that he was still able to take his boat out on several occasions. These facts further undermine Solomon's subjective complaints of pain. *See* 20 C.F.R. § 404.1529(c)(3) (explaining that the Commissioner may consider a claimant's daily activities when evaluating his complaints of pain).

Based on the above, we conclude that substantial evidence supports the Appeal Council's decision that as of August 16, 2005, Solomon was no longer disabled.

## III.

Solomon also argues that the Appeals Council failed to include the effect of his obesity, a non-listing impairment, in his RFC. The SSA has acknowledged that "[o]besity can cause limitation of function . . . in any of the exertional functions such as sitting, standing, walking, lifting, carrying, pushing, and pulling." 67 Fed. Reg. 57859 (Sept. 12, 2002). Accordingly, under SSR 02-1P, an RFC assessment should take account "of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment." *Id.*

Contrary to Solomon's argument, his obesity was properly considered in his RFC. To be precise, his obesity was considered by the above-noted individuals in their assessments, which the Appeals Council evaluated, and it was also considered independently by the Appeals Council, which concluded that his obesity was "severe" but not symptomatic enough to qualify him for disability.

It is clear that substantial evidence supported the Appeals Council's determination that as of August 16, 2005, Solomon's physical impairments had decreased in severity to the point that he was no longer disabled. It is also clear that Solomon's obesity was properly considered.

**AFFIRMED.**