Betty J. McAULAY, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of
Health and Human Services,
Defendant-Appellee.

No. 84–3146.

United States Court of Appeals,
Eleventh Circuit.

Jan. 8, 1985.

Ted L. Wells, Tampa, Fla., for plaintiff-appellant.

Loretta B. Anderson, Asst. U.S. Atty.,
Tampa, Fla., for defendant-appellee.

Before TJOFLAT and FAY, Circuit
Judges, and ALLGOOD *, District Judge.

PER CURIAM:

The claimant, Betty J. McAulay, appeals
the district court's affirmance of the Secretary's termination of disability benefits.
We reverse.

McAulay was awarded disability insurance benefits in 1972 due to status post
laminectomy. McAulay's condition was re-evaluated in 1981 by the Social Security
Administration which determined that she was no longer disabled and terminated her
benefits. The claimant requested and received a hearing before an Administrative
Law Judge (ALJ) who found that she was no longer disabled. The Appeals Council
denied review. The district court affirmed the Secretary's termination of benefits.

■ This court has held that there can be no termination of benefits unless there
is substantial evidence of improvement to the point of no disability. *Simpson v.
Schweiker*, 691 F.2d 966, 969 (11th Cir. 1982). Additionally, this court has held
that a comparison of the original medical evidence and the new medical evidence is
necessary to make a finding of improvement. *Vaughn v. Heckler*, 727 F.2d 1040,
1043 (11th Cir.1984). While the original medical records are referred to by the ALJ,
no comparison was made in this case.

■ The ALJ based his opinion primarily upon reports by Dr. Rosomoff, the claimant's treating physician, which indicate that
the claimant had improved. While it is true that these reports demonstrate that the
claimant's condition has improved over time (and over the course of six major
spinal operations), they do not reflect improvement to the point of no disability. To

* Honorable Clarence W. Allgood, U.S. District
  Judge, Northern District of Alabama, sitting by
  designation.

the contrary, the claimant continues to suffer pain and to require "trigger injections" to alleviate pain. Moreover, the ALJ totally discounted the medical report of Dr. Robert Martinez, the government's own consulting physician, which stated that the claimant is totally disabled. In a deposition taken by the claimant's attorney, Dr. Martinez's responses show unequivocably that the claimant has a listed impairment pursuant to 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.05(C). The medical evidence supporting Dr. Martinez's responses is not contradicted in the record.

Because the ALJ failed to properly address the issue of improvement and the medical evidence does not indicate improvement to the point of no disability, the resulting determination that McAulay is not disabled is insufficient to satisfy the Secretary's burden under *Simpson, supra.* The termination of McAulay's benefits was therefore improper.

The decision of the district court affirming the Administrative Law Judge's ruling is hereby reversed and the improper termination of McAulay's benefits vacated. On remand, the district court shall enter a judgment in favor of the claimant.

REVERSED and REMANDED.