[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-15999
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-01043-CV-J-HTS

DIANE PARRISH,

                                                                          Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

                                                                          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 9, 2009)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

        Diane Parrish appeals from the district court's order, affirming the

Commissioner of Social Security Administration's ("Commissioner") termination of her disability insurance benefits ("DIB"), pursuant to 42 U.S.C. § 423. The administrative law judge ("ALJ") initially determined that Parrish was disabled in 1991. Following a periodic reexamination of Parrish's condition, the Commissioner found that, on August 1, 1995, Parrish had medically improved and her residual functional capacity ("RFC") had increased. Accordingly, it terminated her DIB as of that date. Subsequent to that finding of medical improvement, this case has been remanded by the district court on two occasions. Following each remand, the ALJ again found that Parrish had medically improved and her disability had ceased as of August 1, 1995.

On appeal, Parrish argues that the ALJ improperly disregarded evidence that (1) in 1990, she received state workers' compensation benefits for her disability, and (2) the symptoms that a doctor found that she was suffering in 2002 were essentially the same as those for which she originally was granted DIB, limiting her ability to work to four hours per day.

"We review the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the

existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (internal citation omitted).

A claimant's continued entitlement to disability benefits must be reviewed periodically. 20 C.F.R. § 404.1594(a). Generally, the Commissioner must determine if there has been any medical improvement in the person's impairments and, if so, whether the medical improvement is related to the person's ability to work. *Id.*; *see also* 20 C.F.R. § 404.1594(c) (discussing the Commissioner's determination of medical improvement and its relationship to a claimant's abilities to do work). Medical improvement is any decrease in the medical severity of a claimant's impairment that was present at the most recent finding of disability. 20 C.F.R. § 404.1594(b)(1). We have held that "there can be no termination of benefits unless there is substantial evidence of improvement to the point of no disability." *McAulay v. Heckler*, 749 F.2d 1500, 1500 (11th Cir. 1985) (per curiam). In making such a determination, "a comparison of the original medical evidence and the new medical evidence is necessary to make a finding of improvement." *Id.* First, as to the workers' compensation benefits, we find that the district court committed no error. Because a decision by another agency about whether a claimant is disabled is based on its rules, and because the Commissioner

3

must make its own determination based on social security law, a determination made by another agency that a claimant is disabled is not binding on the Commissioner. *See* 20 C.F.R. § 404.1504. Nevertheless, "[t]he findings of disability by another agency, although not binding on the [Commissioner], are entitled to great weight." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (11th Cir. 1983). However here, the state decided to grant workers' compensation benefits to Parrish in 1990, well before the finding of medical improvement and termination of benefits in 1995. As such, the state's determination regarding benefits has little, if any, relevance to the determination of medical improvement and termination of disability.

Second, as to a prior doctor's evaluation in 2002, we find that Parrish's argument fails for similar temporal reasons as noted above with regard to workers' compensation benefits. Parrish relies upon a medical evaluation performed in 2002, well *after* the finding of medical improvement and termination of benefits in 1995. Hence, that 1995 evaluation does not, and cannot, undermine the finding of medical improvement in 1995 because the subsequent 2002 evaluation did not purport to consider Parrish's condition in 1995. At best, the subsequent 2002 evaluation may constitute evidence that, since the termination of benefits, Parrish's impairments have worsened.

4

Upon careful review of the administrative proceedings, the medical record, the proceedings in the district court, and upon consideration of the parties' briefs, we find no error. We find that the ALJ did not err in excluding these items from his evaluation of medical improvement. Accordingly, we affirm.

**AFFIRMED.**