[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2011
JOHN LEY
CLERK

No. 10-12488
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cv-02765-LTW

PAMELA ANDERSON,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 24, 2011)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Pamela Anderson appeals the district court's order affirming the

Commissioner's termination of disability insurance benefits under 42 U.S.C.

§ 405(g). First, she argues that the administrative law judge ("ALJ") erred by discounting a consulting psychologist's assessment that Anderson may suffer concentration lapses due to chronic pain. Second, she argues that the ALJ erred by adding additional prongs to the pain standard and determining that Anderson's complaints of pain were not entirely credible.

We review a decision by the Commissioner of Social Security "to determine if it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* The burden rests with the claimant to prove that she is disabled and entitled to Social Security benefits. *See* 20 C.F.R. § 404.1512(a).

An ALJ may terminate a claimant's benefits upon finding that there has been medical improvement in the claimant's impairment or combination of impairments related to the claimant's ability to work and the claimant is now able to engage in substantial gainful activity. 42 U.S.C. § 423(f)(1). To determine whether disability benefits should be terminated, the ALJ must conduct a multi-step evaluation process and determine:

(1) Whether the claimant is engaging in substantial gainful

2

activity;

(2)    If not gainfully employed, whether the claimant has an impairment or combination of impairments which meets or equals a listing;

(3)    If impairments do not meet a listing, whether there has been medical improvement;

(4)    If there has been improvement, whether the improvement is related to the claimant's ability to do work;

(5)    If there is improvement related to claimant's ability to do work, whether an exception to medical improvement applies;

(6)    If medical improvement is related to the claimant's ability to do work or if one of the first groups of exceptions to medical improvement applies, whether the claimant has a severe impairment;

(7)    If the claimant has a severe impairment, whether the claimant can perform past relevant work;

(8)    If the claimant cannot perform past relevant work, whether the claimant can perform other work.

*See* 20 C.F.R. § 404.1594(f). To determine if there has been medical improvement, the ALJ must compare the medical evidence supporting the most recent final decision holding that the claimant is disabled with new medical evidence. *McAulay v. Heckler*, 749 F.2d 1500, 1500 (11th Cir. 1985); *see* 20 C.F.R. § 404.1594(c)(1).

## I.     ALJ Discounted Psychologist's Opinion

Generally, the Commissioner "give[s] more weight to opinions from treating sources."  20 C.F.R. § 404.1527(d)(2).  With regard to specialists, the Commissioner "generally give[s] more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist."  20 C.F.R. § 404.1527(d)(5).

The ALJ may reject the opinion of any physician when the evidence supports a contrary conclusion.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983).  We have found good cause to reject the opinions of treating physicians "where the doctors' opinions were conclusory or inconsistent with their own medical records."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

To determine whether a claimant has the ability to perform work other than her past relevant work, the ALJ can pose a hypothetical question to a vocational expert ("VE") to determine whether someone with the same limitations as the claimant will be able to secure employment in the national economy.  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004).  "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) (citation omitted).

The psychologist, Dr. Turzo, was not a treating physician of Anderson's. Therefore, the ALJ was not required to give her assessment more weight. Furthermore, pain assessment was not her specialty, and her report was inconsistent and equivocal. She reported that Anderson's memory and concentration were good during the interview and that her concentration during the testing was adequate. However, without explaining the source of her speculation, Dr. Turzo stated that Anderson may suffer from concentration lapses, which contradicted her earlier observations. Additionally, the ALJ need not have included the concentration lapses in his hypothetical to the VE because Anderson did not provide sufficient evidence that she suffered from concentration lapses. Accordingly, the ALJ did not err in discounting the psychologist's report of possible concentration lapses and not including them in the hypothetical.

## II.     The Pain Standard and the Claimant's Credibility as to Pain

When a claimant seeks to establish disability through her own testimony regarding pain or other subjective symptoms, we apply a three-part pain standard. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). The pain standard requires:

(1) evidence of an underlying medical condition and either (2)

5

objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Id.* "A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). In certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence. *Id.*

"If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Id.* at 1561-62. "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Id.* at 1562.

The ALJ did not create additional hurdles to the pain standard that required Anderson to objectively prove her limited daily activity; rather, the ALJ merely indicated that Anderson's testimony about her allegedly limited activities was insufficient to prove that she suffered from disabling pain. The ALJ pointed out that (1) Anderson's statements about limited daily activities were hard to objectively verify, and (2) the limited nature of her activities could have been due to reasons other than pain given the weak medical evidence and other factors

indicating that Anderson did not suffer from disabling pain.

Additionally, the ALJ did not conclude that Anderson satisfied the pain standard. The ALJ found "that the claimant's medically determinable impairment could have reasonably been expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely credible." The ALJ concluded that Anderson met the first step of the pain standard – that she had an underlying medical condition that could give rise to disabling pain – but the evidence did not show that her condition was severe enough to produce disabling pain. *See Holt*, 921 F.2d at 1223.

In *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986), this Court upheld the rejection of a claimant's testimony regarding his pain because the testimony "was not credible to the extent alleged given the medical evidence in the record." 810 F.2d at 1004. Similarly, here the ALJ found that Anderson's testimony was not entirely credible given the weak medical evidence that she suffered from disabling pain. The ALJ discounted Dr. Elliott's report because Dr. Elliott seemed to rely heavily on Anderson's subjective complaints. The ALJ noted the following reports from consulting physicians. Dr. Wallace reported that Anderson's condition had improved since she was first found disabled, she could stand, walk,

and sit for 6 hours out of an 8-hour workday, she could lift up to 25 pounds frequently and 50 pounds occasionally, and she could occasionally crawl. Dr. Gertier reported the same conclusions as Dr. Wallace with the exception of manipulative limitations of frequent reaching in all directions, including overhead. Dr. Gennet found that Anderson did not have any mental impairments. The ALJ discounted Dr. Turzo's assessment of concentration deficits as based on Anderson's subjective complaints and outside Dr. Turzo's area of expertise, and then listed Anderson's assets conducive to successful employment from Dr. Turzo's report: "positive appearance, friendly, cooperative demeanor, intelligence level, educational experience, work experience to date, voiced motivation and family support." Further, the ALJ stated that he was skeptical of the extent of Anderson's pain, given that she did not take any prescribed medication. Although Anderson argues that the ALJ ignored her testimony that she could not afford to buy pain medication, the ALJ acknowledged but discounted Anderson's reasoning when he stated that "[s]he says the cost and she is afraid of getting addicted, and she has a daughter to raise (12 year old). I find that her overall physical condition is stable." Because the ALJ articulated explicit and adequate reasons, substantially supported by evidence in the record, he did not err in deciding not to credit Anderson's testimony as to the extent of her pain. *See Foote*, 67 F.3d at

1561-62.

Accordingly, upon review of the record and consideration of the parties' briefs, we affirm the termination of Anderson's benefits.

**AFFIRMED.**