[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12654
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cv-00194-CAS

FREDERIC J. GOMBASH, III,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 19, 2014)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Frederic J. Gombash, III, through counsel, appeals the district court's order affirming the Social Security Administration's ("SSA") final decision terminating his disability insurance benefits ("DIB") and supplemental security income ("SSI"). Specifically, he argues that substantial evidence did not support the Administrative Law Judge's ("ALJ") determination that he experienced work-related medical improvement and was no longer disabled as of August 1, 2009. He concedes that, as of that date, his condition did not meet or equal a listed impairment; however, he nevertheless maintains the record demonstrated that his overall impairments—physical and mental—were severe enough to prevent him from engaging in substantial gainful activity.[1] After careful review, we affirm.

We review the Commissioner's final decisions to determine if they are supported by substantial evidence and based on proper legal standards. *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotations omitted). Because we "may not decide the

---

[1] Gombash also raises two other arguments, neither of which has been properly presented on appeal. First, he identifies an alleged error in the ALJ's hypothetical questions to the vocational expert, but he provides no supporting argument. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[S]imply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal."). Second, he contends that while his present ailments no longer meet or equal the original listed impairment, they nevertheless satisfy a different listed impairment. However, Gombash did not make that argument below. *See Crawford v. Comm'r*, 363 F.3d 1155, 1161 (11th Cir. 2004) (declining to address appropriateness of hypothetical when claimant did not raise the issue before the district court at any point).

facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]," a decision supported by substantial evidence must be affirmed, "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quotations omitted). The burden ultimately rests with the claimant to prove that he is disabled and entitled to Social Security benefits. *See* 20 C.F.R. § 404.1512(a).

A claimant's continued entitlement to disability benefits must be reviewed periodically. 20 C.F.R. § 404.1594(a). The Commissioner may terminate a claimant's benefits upon finding that there has been medical improvement in the claimant's impairment or combination of impairments related to the claimant's ability to work and the claimant is now able to engage in substantial gainful activity. 42 U.S.C. § 423(f)(1). To determine whether disability should be terminated, the Commissioner conducts a multi-step evaluation process to determine:

(1) Whether the claimant is engaging in substantial gainful activity;

(2) If not gainfully employed, whether the claimant has an impairment or combination of impairments which meets or equals a listing;

(3) If impairments do not meet a listing, whether there has been medical improvement;

(4) If there has been improvement, whether the improvement is related to the claimant's ability to do work;

(5) If there is improvement related to claimant's ability to do work, whether an exception to medical improvement applies;

(6) If medical improvement is related to the claimant's ability to do work or if one of the first groups of exceptions to medical improvement applies, whether the claimant has a severe impairment;

(7) If the claimant has a severe impairment, whether the claimant can perform past relevant work; and

(8) If the claimant cannot perform past relevant work, whether the claimant can perform other work.

*See* 20 C.F.R. § 404.1594(f). Medical improvement is defined as "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [he] w[as] disabled . . . ." 20 C.F.R. § 404.1594(b)(1). To determine if there has been medical improvement, the Commissioner must compare the medical evidence supporting the most recent final decision holding that the claimant is disabled with new medical evidence. *McAulay v. Heckler*, 749 F.2d 1500, 1500 (11th Cir. 1985); *see* 20 C.F.R. § 404.1594(c)(1). To terminate benefits, the Commissioner may not focus only on new evidence concerning disability, but must also evaluate the evidence upon which the claimant was originally found to be disabled. *Vaughn v. Heckler*, 727 F.2d 1040, 1043 (11th Cir. 1984). Without a comparison of the old and new evidence, there can be no adequate finding of improvement. *Id.*

4

A claimant may establish that he has a disability "through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). In such a case, the claimant must show:

> (1) evidence of an underlying medical condition and either
> (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Id.* (quotations omitted). If the Commissioner discredits subjective pain testimony, he or she must articulate explicit and adequate reasons for doing so. *See Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). Substantial evidence must support the Commissioner's reasons for discrediting pain testimony. *See Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987).

Here, substantial evidence supported the ALJ's determination of medical improvement, which it properly made by starting with Gombash's most recent favorable disability determination—made in August 2004—and then surveying the new medical evidence. *See McAulay*, 749 F.2d at 1500. That new evidence was, as the ALJ noted, almost uniformly aligned in showing that Gombash's physical condition had medically improved—indeed, Gombash himself concedes that his impairment no longer satisfied the listing requirements. To illustrate, in August 2004, Gombash was just one month removed from an automobile accident that required surgery to repair his displaced, preexisting left leg fracture, a fracture that

5

had already required hardware for stabilization and prevented him from ambulating without assistance.  Yet several years later, beginning with his 2008 emergency room visits, the medical evidence showed that his leg experienced no intervening dislocations or hardware failures, and that he was able to ambulate without assistance, albeit with a limp.

To be sure, Gombash's injuries had deformed his left leg, shortening it by two inches, but, for instance, upon examination in April 2009, Dr. Adhami observed that he had normal reflexes and strength in the leg, and apart from his left ankle, he regained a full range of motion.  Dr. Zelaya's October 2010 observations were slightly less optimistic, noting that Gombash exhibited a somewhat limited range of motion in his left leg and experienced significant muscle spasms, but were largely consistent, as he similarly noted that Gombash walked without assistance and had left-leg motor strength of 4/5.  Finally, in their respective residual functioning capacity ("RFC") reports, after examining Gombash's medical record, Drs. Zelaya, Brigety, and Bancks each concluded that, while he was limited in certain work-related activities, such as climbing and standing or walking, he could nevertheless perform many other such activities such as sitting for long periods of time, frequently lifting or carrying small weights, and using his hands to manipulate items such as paper.

6

In evaluating whether Gombash suffered from severe impairments preventing him from working, notwithstanding the medical improvement in his physical condition, the ALJ also considered evidence of his mental health. And on that point too, the record contains substantial evidence to support the ALJ's determination that Gombash was not disabled.

As countervailing evidence in favor of disability, Gombash offered personal attestations of pain and limitations. According to Gombash, following his onset date, he tried to lay down and not do much during the typical day, in order to avoid causing additional pain. Among other things, he also testified that he experienced severe pain every day in his left leg, hip, and back. However, in light of the above-surveyed record, substantial evidence supported the ALJ's determination that Gombash's subjective evidence was not entirely credible. *See Hale*, 831 F.2d at 1012.

Based on the above, we conclude that substantial evidence supported the ALJ's decision that as of August 1, 2009, Gombash was no longer disabled.

**AFFIRMED.**

7