[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11859
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cv-02901-EAK-AAS

CHRISTOPHER W. KLAES,

Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 20, 2017)

Before WILSON, NEWSOM, and FAY, Circuit Judges.

PER CURIAM:

Christopher Klaes appeals the district court's order affirming the Administrative Law Judge's (ALJ) termination of his disability insurance benefits. *See* 42 U.S.C. § 405(g).  Klaes argues that the ALJ's finding that he experienced medical improvement related to his ability to work was not supported by substantial evidence and was contradicted by his recent fibromyalgia diagnosis. After careful review of the parties' briefs and the record, we affirm.

I.

We review the decision of an ALJ as the Commissioner of Social Security's final decision when the ALJ denies benefits and the Appeals Council denies review.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  Our review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied.  *Walker v. Bowen,* 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance.  If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it."  *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (internal quotation marks and citations omitted).  We may not decide the facts anew, make credibility determinations, or re-weigh the evidence.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam).

Where, as here, a claimant has been previously deemed disabled, the question is whether he suffers from a continuing disability. The ALJ applies an eight-step analysis to determine continuing disability: (1) whether the claimant is engaging in substantial gainful activity; (2) if not gainfully employed, whether the claimant has an impairment or combination of impairments that meets or equals a listed condition; (3) if impairments do not meet a listing, whether there has been medical improvement; (4) if there has been medical improvement, whether the improvement is related to the claimant's ability to do work; (5) if there is improvement not related to the claimant's ability to do work, whether an exception to medical improvement applies, *see* 20 C.F.R. § 404.1594(d), (e); (6) if medical improvement is related to the claimant's ability to do work or if an exception applies, whether the complainant has a "severe impairment," *see id.* § 404.1521; (7) if the claimant has a severe impairment, whether the claimant can perform past relevant work; and (8) if the claimant cannot perform past relevant work, whether the claimant can perform other work. I*d.* § 404.1594(f)(1)–(8).

The ALJ must determine whether there has been any medical improvement in the claimant's impairments since the claimant was first adjudged disabled and, if so, whether the medical improvement is related to the claimant's ability to work. *See id.* § 404.1594(a). Medical improvement means "any decrease in the medical severity of . . . impairment(s) . . . present at the time of the most recent favorable

3

medical decision that [the claimant was] disabled or continued to be disabled." *Id.*

§ 404.1594(b)(1). "Medical improvement is related to [the claimant's] ability to

work if there has been a decrease in the severity . . . of the impairment(s) present at

the time of the most recent favorable medical decision *and* an increase in [the

claimant's] functional capacity to do basic work activities . . . ." *Id.*

§ 404.1594(b)(3). "A determination that there has been a decrease in medical

severity must be based on improvement in the symptoms, signs, and/or laboratory

findings associated with [the claimant's] impairment(s)." *Id.* § 404.1594(b)(1).

To determine if there has been medical improvement, the Commissioner must

compare the medical evidence supporting the most recent final decision holding

that the claimant is disabled with new medical evidence. *McAulay v. Heckler*, 749

F.2d 1500, 1500 (11th Cir. 1985) (per curiam); *see also* 20 C.F.R. §

404.1594(c)(1).

Ultimately, a claimant must be disabled to be eligible for disability insurance

benefits. 42 U.S.C. § 423(a)(1)(E). A claimant must demonstrate disability on or

before the last date on which he was insured in order to be eligible for benefits.

*Moore*, 405 F.3d at 1211.

## II.

Klaes contends that the ALJ's finding of medical improvement related to his

ability to work was not supported by substantial evidence. We disagree.

4

The ALJ conducted a comprehensive review of the entire medical record, including evidence from Klaes's disability onset date until after the last date insured.  In 2003, Klaes was deemed disabled because of chronic cervical and lumbar degenerative disc disease with radiculopathy into both upper and lower extremities.  At the time of this determination, Klaes lacked the residual functional capacity to lift and carry a significant amount of weight, to sit, stand, and walk for any appreciable length of time, to follow directions, or to concentrate on work tasks on a sustained basis or to sustain work activity during a regular work week. He was unable to perform the requirements of his past relevant work as a computer programmer.

A comparison of the medical evidence supporting the 2003 decision that he was disabled with the medical evidence as of March 1, 2008, showed improvement in his symptoms to the point that he had the functional capacity to return to his past relevant work.  VA medical records continually characterized him as "independent" in physical ability and mobility.  He was able to walk at least 30 minutes, ride a bicycle for 15 to 30 minutes, swim 30 laps, and lift "light" weights. In 2006, the VA medical records noted no abnormality in his musculoskeletal system.

In February 2008, in conjunction with the continuing-disability review, SSA consultative examiner Lance I. Chodosh, M.D. performed a consultative physical

5

examination of Klaes.  Dr. Chodosh noted that motor function was grossly normal, strength was 5/5, manual dexterity was normal, and coordination was good.  Klaes was able to stand with a normal balance and exhibit a normal gait.  And "based only on objective evidence," Klaes was able to stand, walk, sit, stoop, squat, kneel, lift, carry, handle objects, see, hear, and speak normally.

In April 2008, VA occupational therapist Mr. Mueller performed a functional capacity evaluation.  He concluded that Klaes was able to work at the light-medium physical demand level for an 8-hour workday and was able to return to his job as a computer programmer.  Additionally, Mr. Mueller opined that Klaes was "attempting to control the test results to demonstrate more pain and disability than are actually present."

The ALJ also reviewed the medical evidence from the time period after March 1, 2008, which demonstrated continued improvement in Klaes's cervical and lumbar spine.  For example, in September 2010, MRIs of Klaes's cervical and lumbar spines were characterized as indicative of mild arthritis.  And in June 2011, a physician examined Klaes and concluded that his lumbar spine issues were mild.

After considering this evidence, the ALJ found that Klaes's condition decreased in medical severity to the point that he had the residual functional capacity to perform light work with certain additional physical limitations.  Further, based vocational expert testimony, the ALJ concluded that Klaes was

6

capable of performing his past relevant work as a computer programmer and other jobs in the national economy.  Based on the record, we conclude that the ALJ's determination was supported by substantial evidence.

Klaes also argues that the ALJ's analysis is directly contradicted by his fibromyalgia diagnosis, which retrospectively explains his chronic pain complaints.  However, the diagnosis did not occur until October 2012, more than a year after his last insured date of June 30, 2011.  No doctor related fibromyalgia back to the relevant period.  As the ALJ noted, Klaes's suggestion that fibromyalgia explains his complaints of pain is mere speculation and is not supported by the record.  And even if fibromyalgia explained Klaes's pain, that alone does not compel a finding of disability.  *See Moore*, 405 F.3d at 1213 n.6 ("[T]he mere existence of these impairments does not reveal the extent to which they limit [the claimant's] ability to work or undermine the ALJ's determination in that regard.").  Despite the presence of fibromyalgia, substantial evidence nevertheless supported the ALJ's determination that medical improvement had occurred.

For the foregoing reasons, the district court's order affirming the ALJ's final decision terminating Klaes's disability insurance benefits due to medical improvement is affirmed.

**AFFIRMED.**